UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 09-00397-SGL(JWJx)                                    Date:  February 18, 2009

Title:    INTERNATIONAL MEDICAL RESEARCH, INC., ET AL. -*v*- RONALD GOTTSCHALK, ET AL.,
================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Cindy Sasse                                   None Present
        Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                       None present

PROCEEDINGS:     ORDER TO SHOW CAUSE

      Defendant Gottschalk filed a notice of removal on January 16, 2009, as one of many named defendants in a complaint-in-interpleader originally filed in state court.  However, Gottschalk has failed to allege a sufficient basis for jurisdiction.   Gottschalk asserts that removal is proper under 18 U.S.C. § 1441(b); however, for removal pursuant to this section to be proper,  a federal question must be presented on the face of the plaintiff's properly pleaded complaint.  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987); <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1088-89 (9th. Cir. 2002).  Plaintiff is the "master" of his suit and may chose which law to rely upon for his claim. <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25  (1913).  Therefore, if Plaintiff fails to state a federal question claim on the face of his complaint, then removal is improper pursuant to 18 U.S.C. § 1441(b) as no federal question has been alleged that would grant this Court jurisdiction.

      Plaintiff's complaint, filed November 17, 2008, alleged one claim, a complaint-in-interpleader pursuant to California Code of Civil Procedure §§ 385(b) and 386(f). (Compl. at 1, ln 13; Compl. at 11, ln 24)  This is a state law claim which has not been pre-empted by Federal law, and as such, no federal question has been presented.  Additionally, § 385(b) claims are not federal questions, and in order to remove such claims from state court to federal court, there must be complete

MINUTES FORM 90                                                  Initials of Deputy Clerk __cls_____
CIVIL -- GEN                                      1

diversity so as to remove under 28 U.S.C. 1335 (federal interpleader statute).  Mt. Shasta Title and Escrow Co., v. Pennbrook Homes, 2008 WL 191292, at *1 (E.D.Cal. Jan. 22, 2008).  Gottschalk has not alleged complete diversity.  Therefore, this Court does not have jurisdiction to hear this claim, making removal improper.

      Additionally, removal requires all defendants that have been served to join in removal. Hanrick v. Hanrick, 153 U.S. 192, 197-98 (1894); Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th. Cir. 1986).  In paragraph six, Gottschalk alleges that "a small portion of the named defendants have been served with summons and complaint, and in particular two responses were recently filed." (Removal at 5, ln 15). However, in paragraph seven, Gottschalk admits that these other served defendants have indicated they will not be brought into this case.  (Removal at 6, ln 27-28).  Therefore, Gottschalk admits that he has failed to comply with the joinder requirement that is necessary for removal.

      Furthermore, Gottschalk alleges that he will be the sole defendant in the claim as removed. (Removal at 7, ln 1).  However, an interpleader action requires, at minimum, two adverse parties. 28 U.S.C. § 1335; Fed. R. Civ. Pro. 22. Gottschalk's allegation that he is the sole defendant is therefore  without merit.   There are numerous named defendants on the face of the original complaint and removal notice, and Gottschalk admits in the removal notice that some of these defendants have filed response pleadings. (Removal at 1-2, ln 18-28 and ln 1-4; Removal at 5, ln 15).

      Finally, in Gottschalk's notice of removal, it is argued that this court should have jurisdiction pursuant provisions of 18 U.S.C. § 1961 and 42 U.S.C. § 1395.  (Removal at 4, ln 21-26). However, no allegations in the original complaint have been made under these provisions. Gottschalk also urges that this court has removal jurisdiction based on "Defendant-in-Interpleader's private federal cause of action[.]" (Removal at 4, ln 22-23).  Again however, the original complaint stated no individual claims by Gottschalk.

      Defendant Gottschalk  is hereby **ORDERED TO SHOW CAUSE** by Thursday, February 26, 2009, why this case should not be **SUMMARILY REMANDED** to state court for failure to allege a basis for jurisdiction.  Failure to submit a response within the time allotted will result in the summary remand of this case to state court.

      IT IS SO ORDERED.